UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA BOYCE

           Plaintiff,

     v.

NCO FINANCIAL SYSTEMS INC. et al.,

           Defendants.

CASE NO. C12-1488-RSM

ORDER ON PENDING MOTIONS

     This matter comes before the Court on Defendant Army and Air Force Exchange Service's  ("AAFES") motion to dismiss and/or summary judgment (Dkt. # 6), and Plaintiff's motion for judgment (Dkt. # 10) and motion for contempt (Dkt. # 12).  For the reasons that follow, the Court GRANTS Defendant's motion to dismiss, strikes as MOOT Plaintiff's motion for judgment, and DENIES Plaintiff's motion for contempt.

## I. BACKGROUND

     Plaintiff Joshua Boyce filed a notice of small claim against NCO Financial Systems Inc. ("NCO") in King County District Court alleging that NCO, in representing the AAFES,

1   committed gross negligence by filing an administrative wage garnishment order against Plaintiff.

2   Dkt. # 1-2, p. 1.  Defendant AAFES, an instrumentality of the United States, timely removed the

3   action to this Court. Dkt. # 1. Plaintiff, proceeding pro se, now brings claims against the

4   government for violations of 31 U.S.C. § 3720D and the Fair Debt Collection Practices Act

5   ("FDCPA"), 15 U.S.C. § 805. Dkt. # 5.

6          Plaintiff opened a military star credit account with AAFES on August 16, 2007.

7   According to AAFES, Mr. Boyce stopped payment on the account and it went into delinquency

8   on February 14, 2011.  The account was then included in the Treasury Offset Program for

9   collection.  AAFES sent a notice of intent to offset to collect delinquent debt to Mr. Boyce's last

10  known address on November 17, 2011.  The notice explained that Boyce may (1) inspect and

11  copy records related to his debt by sending a written request to AAFES, (2) ask for a review of

12  the decision by sending a written request for review, and (3) enter into a repayment program.

13  Plaintiff did not respond.  On January 19, 2012, AAFES certified the debt for collection and

14  referred it to NCO.  AAFES sent a second letter to Plaintiff on April 4, 2012 stating the intent to

15  garnish his wages and notified him about his right to inspect and copy records and to have a

16  hearing. Dkt. # 6.  Plaintiff did not respond to this letter either.

17         On July 2, 2012, Plaintiff called the AAFES collection department and requested the

18  balance of the debt.  AAFES referred Plaintiff to NCO to determine a voluntary payment plan.

19  Dkt. # 8, ¶¶ 9-10.  Plaintiff did not request to review debt related records, nor did he request a

20  hearing.  Plaintiff did not ultimately agree to the payment plan offered by NCO. *Id.* at ¶ 15.

21  AAFES and NCO proceeded with the wage garnishment order and received garnishment

22  payment from Plaintiff's employer on at least July 9, 24, and August 3, 2012. *Id.* at ¶¶ 17-19.

23

24

1    On September 6, 2012, AAFES Credit Risk Manager, Christa Mace, received an email

2    from NCO about a dispute letter sent by Plaintiff to NCO on August 24, 2012. Dkt. # 15, ¶ 5.

3    Both AAFES and NCO have ceased garnishment of Plaintiff's wages pending resolution of this

4    suit. *Id.* at ¶ 7.

5        Plaintiff contends that he never received the notices of intent to garnish wages by AAFES

6    and that he sent dispute letters to AAFES contesting the debt.  AAFES has no record of receiving

7    the letters sent by Plaintiff and maintains that the only dispute notice it received occurred when

8    Plaintiff contacted NCO on August 24, 2012. *Id.* at ¶ 4.  AAFES talked to Plaintiff on October

9    10, 2012, after initiation of this suit.  AAFES asked Plaintiff if he would like to have a hearing

10   and Plaintiff refused.

11                    **II.  DISCUSSION**

12   **A. Motion to Dismiss and Motion for Judgment**

13       The government moves for dismissal of the complaint in its entirety for lack of subject

14   matter jurisdiction under 12(b)(1), and for summary judgment.  As the Court finds that it lacks

15   subject matter jurisdiction over the claims alleged in Plaintiff's complaint, it decides the motion

16   on that basis alone.

17       Under Fed. R. Civ. P. 12(b)(1), a court must dismiss the case if it lacks subject matter

18   jurisdiction.  Jurisdiction is a threshold issue that should be decided before considering the merits

19   of a claim. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94-96 (1998).  When deciding a

20   Rule 12(b)(1) motion for lack of subject matter jurisdiction, courts may consider evidence

21   presented beyond the pleadings to determine jurisdictional facts. *Wagstaff v. United States*, 105

22   Fed. Cl. 99, 108 (Fed. Cl. 2012).

23

24

ORDER ON PENDING MOTIONS - 3

1    Here, AAFES is an administrative agency and administrative wage garnishment is

2    regulated by statute.  "Where relief is available from an administrative agency, the plaintiff is

3    ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that

4    recourse is exhausted, suit is premature and must be dismissed." *Reiter v. Cooper*, 507 U.S. 258,

5    269 (1993).  Title 31 U.S.C. § 3720D and 30 C.F.R. § 285.11 provide the authority and relevant

6    procedures for administrative wage garnishment.  Under § 3720D, the government may satisfy a

7    delinquent nontax debt through wage garnishment, provided that the debtor is sent written notice,

8    "by mail to the individual's last known address," and is given the opportunity to inspect and

9    copy records, enter into a plan for repayment, and request a hearing. 31 U.S.C. § 3720D(b)(2)-

10   (5).  Title 30 C.F.R. § 285.11(f) regulates the procedures for administrative wage garnishment

11   hearings and states specifically that "[t]he hearing official's decision will be the final agency

12   action for the purposes of judicial review under the Administrative Procedure Act (5 U.S.C. 701

13   et seq.)." 30 C.F.R. § 285.11(f)(12).

14       Plaintiff contends that he never received written notice from AAFES regarding its intent

15   to initiate garnishment proceedings against him. However, the government provides factual

16   evidence that the notices were sent Plaintiff and that the notices advised Plaintiff of his statutory

17   rights to challenge the garnishment proceedings. Dkt. # 13, pp. 4-8.  Under the terms of the

18   original credit agreement for Plaintiff's military star account, it was incumbent upon Plaintiff to

19   notify AAFES of a new address should he move.[1]  Plaintiff does not challenge AAFES's

20   assertion that he spoke with an AAFES representative on both July 2, 2012 and October 10, 2012

21

22   _____

23   [1] It is not clear when Plaintiff moved from his Bellevue, Washington address where
     AAFES sent the notices of intent to garnish, to his current Bothell address, but it appears from
     Plaintiff's "Ex. A, B, and C" that he may have resided at the Bellevue address through at least

24   April 4, 2012. *See* Dkt. # 9, pp. 6-8.

1  concerning the debt and he does not dispute that during those conversations he was asked if he

2  would like to inspect the debt-related records or have a hearing.  A post-deprivation hearing has

3  not been foreclosed by the government.  In fact, the government's jurisdictional argument rests

4  on the fact that Plaintiff may still request a hearing to challenge the order of garnishment.  As

5  Plaintiff may pursue the post-deprivation process and remedies afforded by statute, the claims

6  before this Court are premature until Plaintiff's claims challenging the garnishment order are

7  administratively exhausted.  Accordingly, Plaintiff's motion for judgment is struck as MOOT

8  and Defendant's motion is GRANTED.

9  **B. Motion for Contempt**

10      When AAFES filed its motion to dismiss, it filed a supporting declaration with exhibits

11  containing Plaintiff's account number. Dkt. # 8.  Plaintiff filed a motion for contempt as the

12  account number on the documents was his social security number. Dkt. # 12.  Defendant

13  immediately filed a redacted version of the declaration and exhibits and sealed the original filing

14  in accordance with the Local Civil Rules. Dkt. # 13.  Because Defendant promptly cured its error

15  after receiving notice from Plaintiff, the Court DENIES Plaintiff's motion for contempt.

16                                **III. CONCLUSION**

17      Having reviewed Defendant's motion, the response and reply thereto, and the remainder

18  of the record, the Court hereby finds and ORDERS:

19      (1) Defendant AAFES's motion to dismiss (Dkt. # 6) shall be GRANTED.

20      (2) Plaintiff's complaint shall be dismissed without prejudice for failure to exhaust

21          administrative remedies.

22      (3) Plaintiff's motion for judgment (Dkt. # 10) is struck as MOOT.

23      (4) Plaintiff's motion for contempt (Dkt. # 12) is DENIED.

24

(5) The Clerk is directed to send a copy of this Order to Plaintiff and all counsel of

record.


Dated this 30 day of January 2013.




RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON PENDING MOTIONS - 6